IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Shahen Baghdasaryan,

          Petitioner,

vs.

Secretary, U.S. Department of Homeland Security, et al.,

          Respondent.

No. CV-26-01979-PHX-SPL

**ORDER**

Petitioner has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Respondent filed an Answer (Doc. 9), and Petitioner filed a Reply to the Respondents' Answer (Doc. 12). The Court is also in receipt of the Report and Recommendation from the United States Magistrate Judge (Doc. 13), and the Petitioner's Objections (Doc. 14). The Court accepts and adopts the R&R.

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b)(1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial

economy). Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

The Court has undertaken an extensive review of the issues presented in the Objections. Having carefully reviewed the record, the R&R will be adopted in full. Accordingly,

**IT IS ORDERED:**

1. That the Report and Recommendation (Doc. 13) is **accepted** and **adopted** by this Court.

2. That Petitioner's Objections (Doc. 14) are **overruled**.

3. That Petitioner's Writ of Habeas Corpus (Doc. 1) is **granted in part** to the extent Petitioner requests a bond hearing. Within **thirty (30) days**, Petitioner shall be afforded a bond hearing before a neutral adjudicator at which hearing the government must bear the burden of showing that Petitioner should not be released on bond because he is a flight risk or a danger to the community.

4. That Petitioner's Writ of Habeas Corpus (Doc. 1) will be **denied** in all other respects.

5. That the Clerk of Court shall enter judgment accordingly and terminate this action.

Dated this 8th day of June 2026.

Honorable Steven P. Logan
United States District Judge

2